■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH CARTER, Appellant.— Appeal by defendant (1) from a judgment (Indictment No. 2136/71) of the Supreme Court, Queens County, rendered April 25, 1972, convicting him of two counts of criminal sale of a dangerous drug in the third degree, upon a jury verdict, and sentencing him to an indeterminate concurrent term of imprisonment not to exceed four years on each count, and (2) as limited by his brief, from a sentence (Indictment No. 826/72) of the same court, rendered the same day, upon a conviction of criminal sale of a dangerous drug in the third degree, upon his plea of guilty, the sentence being the same as the above-mentioned ones and to be served concurrently with them. The appeal from the judgment under Indictment No. 2136/71 brings up for review an order of the same court, dated February 10, 1972, which denied a motion by defendant to examine 10 witnesses in Pennsylvania on commission pursuant to CPL article 680. Judgment and order under Indictment No. 2136/71 and sentence under Indictment No. 826/72 affirmed. We have examined the record on the issue of the motion to examine the witnesses on commission thoroughly and conclude that the denial of the motion was a sound exercise of discretion by the Criminal Term. The witnesses were intended to bolster the defense of alibi, which defendant proffered at the trial through the testimony of his grandmother and grandfather. The latter was one of those to be examined in Pennsylvania. The testimony of the other nine witnesses would only have been cumulative and repetitious. Furthermore, defendant had an effective alternative which he failed to pursue, viz., to proceed under CPL article 640 to secure the attendance of the witnesses at the trial. Article 640 is the so-called "Uniform Act to Secure the Attendance of Witnesses From Without a State in Criminal Cases". Pennsylvania, like New York, has adopted this act (see McKinney's Cons. Laws of N. Y., Book 11A, § 640.10, Practice Commentary on art. 640, pp. 175–176). Cohalan, Christ and Munder, JJ., concur; Hopkins, Acting P. J., concurs in the affirmance of the sentence under Indictment No. 826/72 and otherwise dissents and votes to reverse the judgment and order under Indictment No. 2136/71, to grant the motion to examine the witness in question on commission and to grant a new trial under Indictment No. 2136/71, with the following memorandum, in which Benjamin, J., concurs. Prior to the trial under Indictment No. 2136/71 defendant moved for the issuance of a commission to take the testimony of 10 witnesses, who, it was alleged, would testify that defendant was in the State of Pennsylvania on the dates of the sales of narcotics for which he was indicted, and who could not appear at the trial because of the financial burden that would thereby be imposed (CPL art. 680). This application was denied, although defendant was indigent and did not possess the means to pay the expenses of the witnesses. At the trial, defendant's grandfather (one of those listed in defendant's motion papers) testified, but none of the other proposed witnesses appeared. Defendant's grandmother also testified, but she was not among the witnesses named in the application for a commission. Under these circumstances, the Criminal Term was in error in denying the application. Though defendant had the benefit of the grandfather's testimony in support of an alibi, his defense would have been immeasurably strengthened by the testimony of other witnesses. The jury might have discounted the grandfather's testimony in light of his ostensible interest in his grandson; the same weakness could not have been said to be inherent in the testimony of the witnesses who were not relatives. Thus, defendant's case was

handicapped by his inability to present such evidence. Beyond the practical effect of the denial of the commission on defendant's proof, defendant was deprived of due process and the equal protection of the laws. A defendant must be accorded the right to offer testimony on behalf of his innocence (*Jenkins* v. *McKeithen*, 395 U. S. 411, 429; *Washington* v. *Texas*, 388 U. S. 14, 19; *People* v. *Bernard*, 23 A D 2d 697, 698; *People* v. *Caparelli*, 21 A D 2d 882). CPL article 680 makes available to all defendants testimony at trial through the use of a commission directed toward a witness residing outside the State. When a defendant is indigent and unable to pay the expenses of the witness in order for the latter to appear at trial, the use of a commission serves an important public purpose of placing the indigent defendant in as nearly the same position as possible as a defendant who has the funds to obtain the presence of witnesses at trial. When, therefore, reasonable grounds for the issuance of a commission are alleged by an indigent defendant, due process and equal protection of the laws are infringed if the application is denied. On the basis of an improvident exercise of discretion and the infringement of constitutional rights in denying the issuance of a commission, then, defendant's conviction and the order under Indictment No. 2136/71 should be reversed, the motion to examine witnesses on commission should be granted and a new trial should be ordered.